JUDSON CHAPIN *vs.* THE BOSTON AND PROVIDENCE RAILROAD
CORPORATION.

The testimony of a person, who has agreed with the owner of land taken by a rail
road corporation, for a purchase of land adjoining thereto at a certain price, is
inadmissible, on a hearing before a sheriff's jury, to show the value of the land
so taken.

On a hearing before a sheriff's jury, to estimate the damages of an owner of land
taken for a railroad, the order of the county commissioners, estimating the
damages, and directing the making of a passageway for draining the petitioner's
premises, the wetting of which was one principal ground of his claim for damages,
may properly go to the jury with the other papers in the case.

THIS was a proceeding before a sheriff's jury, for an assess-
ment of the petitioner's damages, for land taken by the respond-
ents for the purposes of their railroad.

The respondents objected to the acceptance of the verdict,
which was for the petitioner, by the court of common pleas,

and moved that the same be set aside, and a new trial granted, on the ground of certain exceptions taken by them to the rulings of the sheriff on the hearing, two of which were as follows : —

1. The petitioner having called as a witness one Charles Whitney, a surveyor, to testify as to the laying out of certain roads over lands of the petitioner and others, adjoining the land taken by the respondents for the track of their road, belonging to the petitioner ; the counsel for the respondents asked the witness, whether he did not take a bond from the petitioner, after the construction of the road, for the conveyance of a portion of the lands to him at a certain price an acre The witness answered that he did, but the bond had run out, and no deed had been taken. The petitioner's counsel then objected, that, as no actual sale took place, the evidence as to the agreed price was incompetent. The respondents' counsel contended, that it was admissible, as showing the value placed by the petitioner upon his own land. The sheriff ruled, that the evidence was incompetent, and it was rejected.

2. The petitioner, as one and a principal ground of damages, alleged that the cellars of his barn and house, which had been previously dry, had been made wet in consequence of the making of the railroad, and introduced several witnesses for the purpose of proving this fact, which was denied by the respondents. The petitioner having closed his testimony, the respondents' counsel objected, that the order of the county commissioners had not been put in ; and thereupon the same was produced and offered in evidence, and admitted by the sheriff, and went to the jury, with the other papers. The counsel for the petitioner, in his opening and closing arguments, claimed and the jury assessed damages, in part, and to a considerable proportion of the whole amount, for the wetting of the cellars. The award of the county commissioners ordered, in addition to the damages assessed by them, that the respondents should construct, within a certain time, a drain or passage-way for water, upon the petitioner's premises, sufficient to prevent any injury or damage thereto, in consequence of a flow of water produced by the construction of the railroad.

The court of common pleas overruled the respondents' ob-

jections and accepted the verdict; whereupon the respondents appealed to this court.

*F. Hilliard*, for the respondents.

*E. Wilkinson*, for the petitioner.

BY THE COURT. The ruling was correct. Upon the whole case, there appears to be no just ground of exception to the judgment of the court of common pleas accepting the verdict.

*Judgment of court of common pleas accepting the verdict affirmed.*